UNIVERSITY OF MICHIGAN, APPELLANT, V. ANNA MCGUCKIN, ADMINISTRATRIX, APPELLEE.*

FILED JULY 10, 1901. No. 10,080.

Commissioner's opinion, Department No. 3.

1. **Marriage Is a Civil Contract.** In this state marriage is a civil contract, and whenever the minds of parties, capable of entering into such a contract with each other, meet in a common consent thereto, at the same time, there is a valid marriage.

2. **Facts Will Not Be Reviewed in Absence of Bill of Exceptions.** In the absence of a bill of exceptions the findings of the trial court on a question of fact will not be reviewed.

3. **Answer Sufficient.** Answer examined, and *held* to contain a sufficient averment of marriage between the defendants, when assailed for the first time on appeal.

APPEAL from the district court for Douglas county. Heard below before KEYSOR, J.    *Affirmed.*

*Rehearing allowed.

*Wright & Thomas* and *Wright & Stout,* for appellant:

This action was brought to foreclose a mortgage executed by Daniel L. McGuckin. After the commencement of the action, it was discovered that defendant Anna McGuckin was living with her co-defendant Daniel McGuckin, claiming to be his wife. By leave of court, she was made a party defendant, for the purpose of cutting out any claim of right she might assert, in or to the property. She answered, setting up that she was and is the wife of Daniel McGuckin. The court held, as a conclusion of law, that Anna McGuckin was the wife of Daniel L. McGuckin at the date of the execution of the mortgage, and that the property in question was the homestead of Anna McGuckin.

The fact of copulation after a promise *per verba de futuro,* is simply evidence presumptive of a promise *de præsenti.* The fact of living together, is not itself marriage. It is simply presumptive evidence that a promise was made. The court can not, under these findings of fact, indulge in any presumption. The simple question left for the court to decide is whether a promise *per verba de futuro cum copula,*\* spoken and performed when the parties were incapable of entering into the marriage relation, constitutes a marriage. As to what constitutes a common law marriage: *Duncan v. Duncan,* 10 Ohio St., 181, 183; *Barnum v. Barnum,* 42 Md., 251, 297; *Stoltz v. Doering,* 112 Ill., 234; *Crymble v. Crymble,* 50 Ill. App., 544; *Cartwright v. McGown,* 121 Ill., 388; *Cheney v. Arnold,* 15 N. Y., 345; *Holmes v. Holmes,* 1 Abbott (C. C.), 525, 538; *Cram v. Burnham,* 5 Me., 213; *Carter v. Parker,* 28 Me., 509; *Collins v. Collins,* 80 N. Y., 1, 11; *Goldbeck v. Goldbeck,* 18 N. J. Eq., 42; *Robertson v. State,* 42 Ala., 509; *Clark v. Cassidy,* 64 Ga., 662, 666; *Estate of Beverson,* 47 Cal., 621; *Van Tuyl v. Van Tuyl,* 57 Barb. [N. Y.], 235; *Ahlberg v. Ahlberg,* 24 N. Y. S., 919; *State v. Worthingham,* 23 Minn., 528.

\*By words concerning [the] future with copulation.

A homestead may be abandoned by wife while husband is still living. *Dickman v. Birkhauser,* 16 Nebr., 686.

*I. R. Andrews* and *J. J.Breen, contra.*

ALBERT, C.

This action was brought by Elizabeth H. Bates against Daniel L. McGuckin and Anna McGuckin to foreclose a mortgage, executed by the first-named defendant to the plaintiff. Anna McGuckin resisted the foreclosure on the ground that at the time of the execution of the mortgage, and at all times subsequent thereto, she was the wife of her co-defendant, and that the mortgaged premises was their family homestead; that the mortgage, not having been signed and acknowledged by her, was void. The reply was a general denial. A trial of the issues joined resulted in a finding and decree in favor of the defendant, to reverse which the case is brought to this court on appeal. For reasons not necessary to state in detail the case is now prosecuted under its present title.

The first question presented is whether the findings of the trial court are sufficient to sustain the decree. The appellant challenges the sufficiency of the finding on two grounds, which will be considered in their order.

It is first urged that the findings do not establish a marriage between Anna McGuckin and her co-defendant. The finding on this point is as follows:

"4. The court further finds that the said Anna Mc-Guckin entered the home of Daniel L. McGuckin in the month of April, 1880, as housekeeper for Daniel L. Mc-Guckin; that she was then the wife of James Lavelle; that at the solicitation and expense of Daniel L. McGuckin, she commenced an action for divorce against said James Lavelle, in Burt county, Nebraska, and that a divorce was granted her on May 4, 1880, in the district court of Burt county, Nebraska; that at the time of the filing of her petition in Burt county, Nebraska, she was living in Burt county, Nebraska, and that her parents with whom she had

made her home since separating from said James Lavelle, were residing in said Burt county, Nebraska.

"5. That in April, 1880, Daniel L. McGuckin was a married man and that he obtained his divorce from his wife in August, 1880, and that said Anna McGuckin did not know of the fact that Daniel L. McGuckin was married until May 4, 1880; that at a time prior to the obtaining of her divorce, to-wit, on May 4, 1880, said Daniel L. McGuckin and Anna McGuckin promised to marry as soon as she should get her divorce, and that they commenced cohabiting together at that time and continued to so cohabit until April, 1893; that the said Daniel L. McGuckin again promised to marry the said Anna McGuckin after she got her divorce and before he obtained his divorce, and promised that he would so marry her as soon as he could procure a divorce from his wife; that pending his action for divorce they cohabited as husband and wife and held each other out to the world as husband and wife, and that no marriage ceremony was ever performed, and that she continued to live with and cohabit with the said Daniel L. McGuckin until the spring of 1893; that they announced themselves as husband and wife to her relatives and so conducted themselves wherever they went; that he introduced her as his wife in society and in the church, and spoke of her as his wife in stores where they traded; addressed her as Mrs. McGuckin in the presence of company, paid her bills and supported her as his wife; that Daniel L. McGuckin gave her an engagement ring and a wedding ring; that she gave birth to five children, whose paternity Mr. McGuckin has always acknowledged, and who were duly baptized in the Catholic church as children of legally married parents; four of said children are still living; that the promises above made were the only promises ever made, and that no new promise was made after the obtaining of the divorce by Daniel L. McGuckin, nor was there any apparent change in their manner of living, or holding themselves out as husband and wife."

In our opinion, the foregoing is a finding of a marriage

between the parties.. Marriage, in this state, is purely a civil contract, and whenever the minds of parties, capable of entering into a marriage contract with each other, meet in a common consent thereto at the same time, there is a valid marriage. *Bailey v. State,* 36 Nebr., 808. No particular form of words is required to express such common consent. The announcement of the parties to her relatives that they, the defendants, were husband and wife, in itself shows a meeting of their minds at the same time in common consent to bear that relation each to the other. That the relations between the parties, before divorce from their respective spouses, was meretricious, is immaterial, so long as their minds did meet, as before stated, at a time when they were both free to enter into a contract of marriage. *State v. Zichfeld,* 62 Am. St. Rep. [Nev.], 800; *Poole v. People,* 65 Am. St. Rep. [Colo.], 245.

It is next urged that the defendant, Anna McGuckin, had waived or abandoned her right to claim a homestead as against the appellant. The question involved is purely one of fact, and as such was submitted to the court, and the court found against the appellant. The evidence is not before us, and it will be presumed that the findings of the court are sufficiently sustained by the evidence.

It is next urged that the answer of Anna McGuckin does not allege that she was the wife of her co-defendant at the time the mortgage was executed. This fact might have been pleaded with greater certainty, but, in our opinion, it sufficiently appears when called in question for the first time on appeal.

The decree of the district court should be affirmed.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the decree of the district court is

AFFIRMED.

NOTE.—Marriage as a contract, *Goodrich v. Cushman,* 34 Nebr., 460; solemnization, *Haggin v. Haggin,* 35 Nebr., 375. As to license, *Idem.*
—REPORTER.